**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TIMOTHY A. HUBAL, JR.,**

      **Petitioner,**

      **v.**

**WARDEN, BELMONT CORRECTIONAL
INSTITUTION, et al.,**

      **Respondents.**

                                 **CASE NO. 2:19-CV-5262
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner represented by counsel, has filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Petitioner seeks release from confinement pursuant to a state court judgment in a criminal action. This case has been referred to the Undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14-1 regarding assignments and references to United States Magistrate Judges.

It appears from the docket that Petitioner has paid the required filing fees.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court ("Rule 4"), this Court must conduct a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4. If it does so appear, the petition must be dismissed. *Id.* Rule 4 allows for the dismissal of petitions which raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). For the reasons that follow, it plainly appears Petitioner is not entitled to relief

because his claims are time-barred. Accordingly, the Undersigned **RECOMMENDS** that this action be **DISMISSED**.

## Facts and Procedural Background

On November 2, 2011, Petitioner was convicted, pursuant to a plea agreement, of rape, a felony in the first degree, in *State of Ohio v. Hubal*, Case No. 11 CR 10 0536, in the Court of Common Pleas for Delaware County, Ohio. (Doc. 1, at PAGE ID # 4.) Petitioner was sentenced that same day to life imprisonment with the possibility of parole after 25 years. (*Id*.)

Petitioner alleges that his counsel failed to file an appeal on his behalf. (*Id*., at PAGE 12.) Moreover, Petitioner claims, he did not learn about the consequences of his plea until he "discussed the matter with his Ohio Department of Rehabilitations and Corrections caseworker." (*Id.,* at PAGE ID # 14–15.) Although Petitioner does not indicate exactly when that discussion occurred, he states that it did not occur until "the thirty (30) day appeal of right period had long passed and he was forced to attempt to appeal *pro se* outside of time." (*Id.*, at PAGE ID #15.)

The on-line docket maintained by the Clerk of Court for Delaware County, Ohio, indicates that Petitioner filed a motion for delayed appeal on April, 16, 2012. (*See Docket*, *State of Ohio v. Hubal*, Case No. 11 CR 10 0536, docket entry April 16, 2012.) That docket further indicates that the state appellate court denied Petitioner's motion for a delayed appeal on May 21, 2012. (*Id*., docket entry May 21, 2012.) A review of that docket, and the on-line docket for the Ohio Supreme Court reveals that Petitioner did not appeal the state appellate court's decision to deny his motion for a delayed appeal.

Over seven years later, on November 27, 2019, Petitioner filed the *instant* petition. (Doc. 1.) In it, he alleges that he received ineffective assistance of trial counsel. Specifically, he alleges that trial counsel performed deficiently by failing to interview witnesses or otherwise adequately

investigate the charges; failing to meet regularly with Petitioner and develop a defense; failing to take Petitioner's case to trial even though Petitioner indicated that he wanted to exercise his trial rights; pressuring Petitioner to plead guilty; failing to explain the consequences of entering a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970); and failing to file an appeal on Petitioner's behalf. (*Id.*, at PAGE ID # 7, 12, 13.)

## Law and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S. C. § 2244(d) provides:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A District Court is permitted, but not obligated, to *sua sponte* address the timeliness of a federal habeas corpus petition, *Day v. McDonough*, 547 U.S. 198 (2006), and may do so when conducting

3

an initial review under Rule 4.  *See Wogenstahl v. Charlotte*, No. 1:17-cv-298, 2017 WL 3053645, at \*2 (S.D. Ohio July 19, 2017) (citing *McDonough*, 547 U.S. at 198).

The petition is untimely.  Petitioner was convicted and sentenced on November 2, 2011.  Ordinarily, that judgment would have become final on December 5, 2011, when the time to file a timely appeal of that judgment in the state appellate court expired.[1]  *See* § 2244(d)(1)(A); Ohio App.R. 4(A)).  The statute of limitations for federal habeas relief would also have started running the next day, on December 6, 2011, and it would have continued running for one hundred and twenty-two days, or until April 16, 2012, when Petitioner filed a motion seeking leave to file a delayed appeal.  Pursuant to § 2244(d)(2), the statute of limitations would have been tolled for thirty-five days while that motion for a delayed appeal was pending.  *Board v. Bradshaw*, 805 F.3d 769, 773 (6th Cir. 2015) (a motion for a delayed appeal under Ohio App. R. 5(A) can toll the running of the statute of limitations if it is filed before the statute has already expired).  After the motion for delayed appeal was denied on May 21, 2012, the statute of limitations would have started running again the following day, May 22, 2012, and continued running for two hundred and forty-three days before expiring on January 21, 2013.[2]

---

[1] Petitioner had thirty days, or until December 3, 2011, to file a timely appeal in the state appellate court.  Because December 3, 2011, fell on a Saturday the deadline was extended to Monday, December 5, 2011.

[2] The two hundred and forty-three days would have expired on Sunday, January 20, 2013, and thus, the deadline would have been extended to Monday, January 21, 2013.

In this case, however, it appears that Petitioner possibly alleges that his counsel refused to file an appeal on his behalf.[3] (Doc. 1, at PAGE ID # 7, 12.) Construing this allegation in Petitioner's favor, the statute of limitations did not begin running until Petitioner discovered that counsel failed to file an appeal after being instructed to do so. *See* § 2244(d)(1)(D). *See Granger v. Hurt*, 90 Fed. App'x. 97, 100 (6th Cir. 2004) (finding that statute of limitations for claim that counsel failed to file an appeal after being instructed to do so did not run until petitioner learned that no appeal was filed through the exercise of due diligence). Although Petitioner does not indicate precisely when he learned that counsel failed to file an appeal, he alleges that he "became fully aware" of his appellate rights after talking to an ODRC caseworker, and that he was then "forced to attempt to appeal *pro se* out of time." (*Id.*, at PAGE ID # 14.) As noted previously, Petitioner's motion for delayed appeal was filed on April 16, 2012. Accordingly, he must have been aware that an appeal had not been filed by that date. Assuming too that Petitioner could not have discovered that counsel had failed to file an appeal sooner than that through the exercise of due diligence, the Magistrate Judge finds that the statute of limitations did not begin running until that day. Because he filed a motion for a delayed appeal on April 16, 2012, however, the statute of limitations was tolled until that motion for delayed appeal was denied on May 21, 2012. *Bradshaw*, 805 F.3d at 773. The statute of limitations started running the next day, May 22, 2012, and it continued to run for one year before it expired on May 22, 2013. The *instant* petition was not filed, however, until November 27, 2019— over seven years later. Accordingly, it is untimely.

---

[3] It is not entirely clear if Petitioner complains that he instructed counsel to file an appeal and that counsel failed to do so or that counsel failed to advise him of the consequences of his *Alford* plea, and that when he later learned about those consequences after the deadline for filing an appeal had already expired, he decided he wanted to appeal. (Doc. 1, at PAGE ID # 7, 12, 14–15.) For purposes of this analysis, the Magistrate Judge assumes Petitioner alleges the former, which results in the most favorable assessment for Petitioner.

The Magistrate Judge also concludes that the petition does not allege facts demonstrating that equitable tolling of the statute of limitations is warranted. A petitioner is entitled to equitable tolling only if he shows: "1) that he has been pursuing his rights diligently, and 2) that some extraordinary circumstances stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 648 (2010). The petition does not allege that Petitioner diligently pursued his rights. Nor does the petition allege that some extraordinary circumstance stood in his way and prevented timely filing. The Magistrate Judge notes, however, that Petitioner did not specifically address the statute of limitations in his petition. This Report and Recommendation serves as notice of the issue, which Petitioner will be able to address in any properly filed objections.

A habeas petitioner is also entitled to tolling of the AEDPA's one-year statute of limitations if he makes a credible showing of actual innocence. *See McQuiggins v. Perkins*, 569 U.S. 383, 392 (2013); *Davis v. Bradshaw*, 900 F.3d 315, 326–27 (6th Cir. 2018). This actual-innocence exception is not a claim for relief but is instead a gateway through which a habeas petitioner must pass in order to obtain a merits determination on claims that have been otherwise barred. *Davis*, 900 F.3d at 326. The Sixth Circuit Court of Appeals has explained, however, that "this innocence gateway is a narrow one" and that it " 'should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *Id*. (quoting *McQuiggin*, 569 U.S. at 401 (citation and internal quotation marks omitted). The exception "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." *Id*. (quoting *McQuiggin*, *supra* at 395) (alteration in original) (citation and internal quotation marks omitted). Accordingly, a petitioner cannot establish that application of the actual innocence exception is

warranted unless he can support his allegations of constitutional error with new, reliable evidence. *Id.* (citing *House v. Bell*, 547 U.S. 518, 538 (2006)).

In this case, Petitioner alleges that he is actually innocent. He does not, however, allege the existence of new reliable evidence. Indeed, he alleges that the purportedly exculpatory evidence—the results from tests for sexually transmitted diseases— are from June and July of 2011. He thus fails to allege facts demonstrating that the actual innocence exception might be warranted.

### Recommended Disposition

For these reasons, the petition is time-barred. Accordingly, the Undersigned **RECOMMENDS** that the petition be **DENIED** and that this action be **DISMISSED**. The Clerk is **DIRECTED** to serve a copy of the petition and all subsequent filings on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o: Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

Date:  December 10, 2019

/s/ *Kimberly A. Jolson*
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE